IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-02-65-S-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RODNEY ALLEN UNGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Dismiss Petition for Revocation of Supervised Release and to Quash Arrest Warrant (Docket No. 34). The parties have not requested oral argument. Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

On August 30, 2000, Defendant was sentenced in the Eastern District of Washington to 2 months of incarceration to be followed by a 3-year term of supervised release. His supervised release commenced on November 20, 2000. On May 16, 2001, while still under supervision, Defendant's supervised release

**ORDER - 1**

was revoked based on an unsworn petition. He was sentenced in the Washington court to 6 months of incarceration to be followed by a 30-month term of supervised release. His supervised release commenced on October 19, 2001. Jurisdiction over Defendant's supervised release was subsequently transferred to the District of Idaho. On December 3, 2003, while still under supervision, this Court revoked his supervised release, again based on an unsworn petition. Defendant was sentenced to 13 months of incarceration to be followed by a 17-month term of supervised release. For reasons that are irrelevant to this motion, on February 20, 2004, the Court resentenced Defendant to 4 months of incarceration to be followed by a 26-month term of supervised release. This most recent term of supervised release commenced on March 24, 2004 and will expire May 23, 2006.

On July 15, 2004, an unsworn petition for revocation was filed alleging certain violations of the terms of supervised release. A revocation hearing was scheduled for November 19, 2004. Defendant failed to appear at the hearing, and the Court ordered the issuance of a bench warrant for his arrest. Defendant remains a fugitive.

## DISCUSSION

Defense counsel filed the pending motion on March 14, 2005, based on the then recent Ninth Circuit decision in *United States v. Vargas-Amaya*, 389 F.3d 901

**ORDER - 2**

(9th Cir. 2004), *reh'g and reh'g en banc denied*, 408 F.3d 1227 (9th Cir. 2005). *Vargas-Amaya* held that a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision based on a warrant issued during that term only if the warrant was issued upon probable cause supported by sworn facts.

Defendant contends (1) that this Court did not have jurisdiction to sentence him on February 20, 2004, because the underlying petition was not based on sworn facts; (2) that the term of supervised release he was serving at that time would have expired April, 2004; and (3) that had the Court not sentenced him in February, 2004, he would not have been on supervised release during the time period in which the instant alleged violations occurred.

The Government advances several arguments in opposition to the motion. However, because it is determinative, the Court need only address the Government's primary argument that *Vargas-Amaya* only controls where a court acts after supervised release has expired under 18 U.S.C. § 3583(i).

The Ninth Circuit very recently clarified that the warrant requirement of *Vargas-Amaya* applies only when a court seeks to extend its jurisdiction *beyond* the expiration of a term of supervised release pursuant to 18 U.S.C. § 3583(i). *See United States v. Ortuno-Higareda,* No. 04-10257, 2005 WL 2045772, at *4 (9th

**ORDER - 3**

Cir. Aug. 26, 2005). It does not apply when a court seeks to revoke a term of supervised release *before* its expiration pursuant to 18 U.S.C. § 3583(e)(3). *Id.* As the court explained after examining the language of both provisions:

> The section 3583(e)(3) authority to revoke supervised release, unlike that in section 3583(i), is not conditioned upon the issuance of a warrant. This indicates that Congress intended to make the issuance of a valid warrant a jurisdictional prerequisite only in cases governed by section 3583(i), where revocation occurs after the conclusion of the supervised release term. Where revocation occurs before expiration of the term, section 3583(e)(3) governs and the district court will have jurisdiction to revoke supervised release in the absence of a warrant or even if a warrant is defective.

*Id.*

Defendant's original term of supervision had not yet expired when it was revoked in the Eastern District of Washington. The second term of supervision imposed following that revocation had not expired at the time this Court revoked it. The third term of supervision imposed in connection with violation of the second term of supervision is not due to expire until May 23, 2006. Clearly, based on *Ortuno-Higareda*, the Court had jurisdiction to revoke Defendant's first two terms of supervision despite the fact that the underlying petitions for revocation were unsworn. Furthermore, the Court would have had jurisdiction to revoke Defendant's third term of supervision at the revocation hearing in November,

**ORDER - 4**

2004, had he appeared at the revocation hearing.

Under *Ortuno-Higareda*, the Court would continue to have jurisdiction to revoke supervision at least through May 23, 2006, based on the unsworn petition. However, an even more recent Ninth Circuit decision would indicate that because of Defendant's fugitive status, his term of supervision is tolled from the time the arrest warrant was issued until he is arrested or his term of supervision would have expired absent violation. *See United States v. Murguia-Oliveros*, No. 04-50612, 2005 WL 2063858, at *3-4 (9th Cir. Aug. 29, 2005) (holding that where defendant's fugitive status tolled term of supervision, court had jurisdiction within the tolling period to revoke jurisdiction based on an unsworn warrant). The court reasoned that "[a] person on supervised release should not receive credit against his period of supervised release for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release." *Id.* (citation omitted).

The Court notes that a sworn revocation petition alleging that Defendant has absconded was filed on August 16, 2005, and an arrest warrant was issued. *See* Docket Nos. 39 and 40. This petition was filed well within the term of supervision. Therefore, even if the term of supervision were not tolled, the Court would retain jurisdiction pursuant to 18 U.S.C. § 3583(i) beyond the expiration of the term of

**ORDER - 5**

supervision to impose a term of imprisonment, at least as to the absconding charge.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Petition for Revocation of Supervised Release and to Quash Arrest Warrant (Docket No. 34) is DENIED.

DATED: **September 30, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 6**